**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Jesus CORTEZ, Defendant–
Appellant.**

**No. 11–50531.**

United States Court of Appeals,
Ninth Circuit.

*See* Fed. R.App. P. 34(a)(2).

Submitted Sept. 10, 2012.*

Filed Sept. 21, 2012.

Randy K. Jones, Esquire, Assistant U.S. Attorney, Bruce R. Castetter, Assistant U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Robert Carriedo, Attorney at Law, San Diego, CA, for Defendant–Appellant.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Jose Jesus Cortez appeals from the 77–month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cortez contends that his sentence is substantively unreasonable. He argues that the district court should have granted a downward departure because the Guidelines range overrepresents his criminal history and because his prior felony conviction, which triggered a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), is stale. The sentence at the bottom of the Guidelines range is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445, (2007); United States v. Tankersley, 537 F.3d 1100, 1113 (9th Cir.2008) ("After Booker,

the scheme of downward and upward departures has been replaced by the requirement that judges impose a reasonable sentence.").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.